# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Skky, Inc. | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | |
| General Media Communications, Inc. | ) | **COMPLAINT;** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT

This is a patent infringement case. Skky, Inc. for its complaint against General Media Communications, Inc. states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

*Plaintiff Skky, Inc.*

1. Plaintiff Skky, Inc. ("Skky") is a Minnesota corporation with its principal place of business at 825 E. Wayzata Blvd., Wayzata, Minnesota 55391.

*Defendant General Media Communications, Inc.*

2. Defendant General Media Communications, Inc. ("General Media") is a New York corporation with its principle place of business at 6800 Broken Sound Parkway N.W., #200, Boca Raton, FL 33487.

3. This action arises under the patent laws of the United Sates, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over General Media because, among other reasons, General Media regularly conducts business in this judicial district.  General Media maintains at least the following web site, penthouse.com, which citizens of Minnesota access.  Also, General Media through its web site(s), transmits compressed audio and/or visual files to customers or potential customers in Minnesota.

5.     Venue is proper in this district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, General Media has conducted and continues to conduct regular and ongoing business in Minnesota. Additionally, General Media has committed and continues to commit acts of direct and/or indirect infringement in this District by making, using, importing, offering for sale, and/or selling products by way of infringing methods, and/or inducing others to perform method steps in Minnesota that are claimed in Skky's patent.

## FACTUAL BACKGROUND

*The Inventors and Patent-in-Suit*

6.     John Mikkelsen, one of the inventors in this case, grew up in Minnesota.  Mr. Mikkelsen currently resides in Minnesota.  Mr. Mikkelsen is the CEO of Skky.

7.     Dr. Robert Freidson, the other inventor in this case, earned his Ph.D. in Mathematics and Computer Science from Steklov Mathematical Institute (USSR Academy of Science, Leningrad, Russia).  Since 1975, Dr. Freidson has been a Professor in the Department of Mathematics at the St. Petersburg Electrical Engineering University.  Dr. Freidson is the Chief Technology Officer of Skky.

8.     In the 1990s, Mr. Mikkelsen worked in the music industry.  During his work, Mr. Mikkelsen created edited song clips that he used as alert sounds on his computer.  From this idea, Mr. Mikkelsen sought to solve the problem of using real music samples with cellular phones.

9. In the late 1990s, Mr. Mikkelsen was introduced to Dr. Freidson. Mr. Mikkelsen and Dr. Freidson recognized that available cellular phones were incapable of receiving and playing back compressed audio and/or visual files, such as real music clips. Working together, Mr. Mikkelsen and Dr. Freidson created a cellular phone that could wirelessly receive and play back compressed audio and/or visual files. In addition, Mr. Mikkelsen and Dr. Freidson created a web site, www.wavpop.net, in an attempt to sell ringtones. They formed a company called 4 Media, Inc., which later changed its name to Skky, Inc.

10. On June 16, 2009, the United States Patent and Trademark Office awarded United States Patent No. 7,548,875 (the "'875 patent"), titled *Media Delivery Platform*, to inventors Mr. John Mikkelsen and Dr. Robert Freidson. A complete and authentic copy of the '875 patent is attached as Exhibit A.

11. Mr. John Mikkelsen and Dr. Robert Freidson assigned the '875 patent to Skky. Skky remains the owner of the '875 patent.

## COUNT I—PATENT INFRINGEMENT OF THE '875 PATENT

12. Plaintiff incorporates and realleges herein by reference paragraphs 1 through 11.

13. Defendant General Media has had constructive notice of the '875 patent since it issued on June 16, 2009.

14. General Media, together with its subsidiaries, offers to sell, sells, uses, distributes, and services audio and/or visual files through its web sites to cellular phones, such as penthouse.com. These compressed audio and/or visual files are transmitted to a cellular phone when a user accesses General Media's web site(s). Further, General Media's web site offers for sale compressed audio and/or visual files which upon purchase by the user, are subsequently transmitted wirelessly to the user's cellular phone. Thus, General Media's web site(s)

containing audio and/or visual files, when used, practices the claimed inventions of the '875 patent.

15.     General Media has infringed and continues to infringe one or more claims of the '875 patent under 35 U.S.C. §271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States, products and or methods encompassed in at least claim 1 of the '875 patent, including for example, by making, using, selling, offering for sale, and/or importing compressed audio and/or visual files to cellular phones.

16.     Third parties, collectively with General Media, including General Media's customers, have infringed, and continue to infringe one or more claims of the '875 patent under 35 U.S.C. §271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States, products and or methods encompassed in at least claim 1 of the '875 patent, including for example, by making, using, selling, offering for sale, and/or importing compressed audio and/or visual files to cellular phones.

17.     General Media has had knowledge of the '875 patent and its infringement at least since the filing of this Complaint.

18.     General Media has induced infringement, and continues to induce infringement, of one or more claims of the '875 patent under 35 U.S.C. §271(b). General Media actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of at least claim 1 of the '875 patent by selling or otherwise transmitting compressed audio and/or visual files to cellular phones; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import compressed audio and/or visual files

supplied by General Media to infringe the '875 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the transmission of compressed audio and/or visual files to cellular phones and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the transmission of compressed audio and/or visual files to cellular phones.  For example, General Media's web site, penthouse.com, transmits numerous compressed audio and/or visual files to a user's cellular phone that can be viewed on the cellular phone by the user.  Further, General Media's web site, penthouse.com, has been optimized for viewing on a cellular phone.

19. The infringement by General Media of the '875 patent injured and continues to harm Skky, and will cause irreparable injury and damage to Skky unless the Court enjoins General Media from infringing the '875 patent.

20. General Media's conduct in infringing the '875 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Skky prays for the following judgment and relief:

    a.      that General Media has infringed the '875 patent;

    b.      that Skky is entitled to a permanent injunction barring General Media and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '875 patent;

    c.      that General Media shall account for and pay to Skky the damages to which Skky is entitled as a consequence of General Media's infringement of the '875 patent;

    d.      that General Media shall additionally account for and pay to Skky the damages for the period of infringement of the '875 patent following the period of damages established by Skky at trial;

    e.      that Skky is further entitled to pre-judgment and post- judgment interest;

    g.      that this case is exceptional and that Skky is entitled to their reasonable attorney fees, costs, and expenses that it incurs prosecuting this action under 35 U.S.C. § 285; and

    h.      any other award or relief that is just and equitable.

**DEMAND FOR JURY TRIAL**

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: <u>July 31, 2013</u>

By:   <u>*s/Ryan M. Schultz*</u>
    Ronald J. Schutz (0130849)
    Becky R. Thorson (0254861)
    Ryan Schultz (0392648)
    Benjamen Linden (0393232)
    ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
    800 LaSalle Avenue, Suite 2800
    Minneapolis, MN 55402
    Phone: (612) 349-8500

    Andrew D. Parker (0195042)
    PARKER ROSEN, LLC
    300 First Avenue North, Suite 200
    Minneapolis, MN 55401


    **Attorneys for the Plaintiff Skky, Inc.**